IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HOUSING ENTERPRISES OF SHULLSBURG II LIMITED PARTNERSHIP, A Wisconsin Limited Partnership<br>c/o Duane Kittleson,<br><br>WISCONSIN HOUSING AND ECONOMIC DEVELOPMENT AUTHORITY,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 10-CV-88 |

**JUDGMENT OF FORECLOSURE AND SALE**

The above action coming on to be heard on June 9, 2010, the Office of the United States Attorney for the Western District of Wisconsin, appearing for the plaintiff, United States of American ("Plaintiff"), and due proof having been made and filed that defendants waived service of the summons and complaint; and it appearing by the declaration of Heidi L. Luehring, Assistant United States Attorney, Office of the United States Attorney for the Western District fo Wisconsin, that the time for answering the complaint has expired, and that no answer or other responses has been served upon or

1

received by Plaintiff's attorney from the defendants; and the Clerk of the United States District Court for the Western District of Wisconsin having entered the default of said defendants; and it further appearing that notice of application for judgment was mailed to said defendants, and a certificate of service by mail was file with the Clerk of Court; and it further appearing by due proof that due notice of the pendency of this action was duly filed in the Office of the Register of Deeds for Lafayette County, Wisconsin, on February 24, 2010, said notice being filed subsequent to the filing of the complaint herein in the Office of the Clerk of Court, and more than twenty (20) days prior to the trial of this action; and proofs of the matters and things alleged in the complaint and the computation of the amount due Plaintiff having been duly taken in open court, and the Court having filed its Findings of Fact and Conclusions of Law;

Now therefore, on application of the Office of the United States Attorney for the Western District of Wisconsin, attorney for Plaintiff,

IT IS HEREBY ORDERED that there is now due and owing to Plaintiff as of and including June 9, 2010, the following sum of $516,898.17 (Attachment A.).

IT IS FURTHER ORDERED that the mortgaged premises are located in the county of Lafayette, State of Wisconsin, and described as follows:

> Lot 1 of Certified Survey Map Number 144 being a part of the N ½ of the SW 1/4 of Section 11, Town 1 North, Range 2 East, City of Shullsburg, Lafayette County, Wisconsin, recorded in Volume 1 of Certified Survey Maps of Lafayette County of Page 144 as Document 246520.

that it shall be sold as a whole at public auction in the County of Lafayette, State of Wisconsin, by or under the directions of the United States Marshal for the Western District of Wisconsin,

IT IS FURTHER ORDERED that in case of sale pursuant here to, the United States Marshal shall give public notice of the time and place of such sale in the manner provided by law, and that publication of said notice be made in the <u>Darlington Republican Journal</u>, a newspaper published in the City of Darlington, County of Lafayette, State of Wisconsin; that the Marshal shall allow either or any of the parties to this action to purchase at such sale the above described premises; that the Marshal shall file with the Clerk of Court his report of said sale, and shall also immediately after said sale deposit the proceeds thereof, after deducting the costs and expenses of the sale unless otherwise ordered by the Court; that the said United States Marshal may accept from the purchaser as a deposit or down payment up on the same, not less than ten percent (10%) of the purchase price, in which case such amount shall be so deposited as above provided, and the balance of the sale price shall be paid to the United States Marshal's Service by said purchaser at such sale, upon confirmation thereof, except that if Plaintiff be the successful bidder at such sale, the said United States Marshal may take the receipt of Plaintiff in lieu of said cash payment; that the Marshal, upon compliance on the part of the purchaser with the terms of such sale as required by law, shall make and execute to said purchaser a deed to the premises so sold, as above described, stating the price paid therefor; that the United States Marshal shall deliver such deed to

said purchaser, upon compliance by said purchaser with the terms of such sale, and the payment by him of any balance of the sale price to be paid; that the United States Marshal shall thereupon pay from the proceeds of said sale all claims superior to Plaintiff as determined by the Court and to Plaintiff the sum of $516,898.17 (Attachment A), the amount of said judgment, together with interest on all of said sums at 0.36% per annum from the date hereof, or so much thereof as the monies derived from the sale of said premises will pay the same, and take receipts therefor; and that the surplus money, if any, shall be subject to the further order of the Court.

IT IS FURTHER ORDERED that if the proceeds of such sale be insufficient to pay the amounts aforesaid, said United States Marshal shall specify the amount of said deficiency in his report of sale. Deficiency judgment is not being sought herein.

IT IS FURTHER ORDERED that upon confirmation of sale of the mortgaged premises, the purchaser or purchasers, or his or their heirs, representatives or assigns, be let into possession of the premises sold, upon production of the Marshal's deed thereto or duly authenticated copy thereof; that each and every one of the parties to this action who may be in possession of said premises, and every other person who since the filing of notice of the pendency of this action has come into possession of the same or any part thereof under them or either of them shall deliver to such grantee or grantees named in such deed possession of the mortgaged premises, and that a writ of assistance issue if necessary to secure such possession.

IT IS FURTHER ORDERED that the defendants, their heirs, successors and assigns, and all persons claiming under them, after the filing of notice of the pendency

of this action, be forever barred and foreclosed of all right, title, interest, and equity of redemption in said mortgaged premises.

IT IS FURTHER ORDERED that Plaintiff may pay any taxes or insurance premiums on said mortgage premises now due or which shall hereafter become due before the sale thereof and have a lien on said premises for the amount so paid with interest thereon from date of payment of 0.36% per annum; and that in the event any such payments are made, Plaintiff may obtain an order at the foot of this judgment directing that the amounts so paid, with interest, be likewise paid from the proceeds of the sale of said mortgaged premises.

IT IS FURTHER ORDERED that the defendants and all persons claiming under them be and are hereby enjoined from committing waste upon said mortgaged premises and from doing any other act that may impair the value of the same.

Dated this 9th day of June, 2010.

BY THE COURT:

WILLIAM M. CONLEY
United States District Judge

Entered at Madison, Wisconsin, this 9th day of June, 2010.

PETER OPPENEER
Clerk of Court

ATTACHMENT A

UNITED STATES OF AMERICA v. HOUSING ENTERPRISES
OF SHULLSBURG II, LIMITED PARTNERSHIP, et al.
Case Number 10-cv-88

| | | |
|---|---|---|
| a. | Principal as of June 9, 2010 | $467,018.98 |
| b. | Interest as of June 9, 2010 | $ 46,881.75 |
| c | Late Fees | $   2,997.44 |
| | Subtotal | $516,898.17 |
| d. | Court Cost and Disbursements: | |
| | (1)   Attorney's Fees | $200.00 |
| | (2)   Filing Lis Pendens | $ 15.00 |
| | Subtotal | $215.00 |
| | **TOTAL AS OF JUNE 9, 2010** | **$517,113.17** |

6